UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 7:09-CV-211-BR

| | | |
|---|---|---|
| LEXON INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | ORDER |
| | ) | |
| BMR FUNDING, LLC and | ) | |
| REGIONS BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on Defendants' Motions to Dismiss. Plaintiff filed responses to both motions, to which both Defendants replied. With leave of the court, Defendants filed a Joint Supplemental Memorandum in Support of their motions, and Plaintiff responded. This matter is now ripe for disposition.

**I. BACKGROUND**

Plaintiff as surety issued on behalf of Town & Country Developers (Town & Country), principal, to the County of Brunswick, North Carolina (the County), obligee, two performance bonds related to development of a subdivision known as Avalon of the Carolinas. Compl. ¶¶ 9-10. The bonds secure Town & Country's construction of infrastructure improvements associated with the subdivision. *See* Pl.'s Resp. BMR Mot. Dismiss at 6-7; Pl.'s Resp. Regions' Mot. Dismiss at 5-6. After 48 of the 344 proposed lots sold, the remaining land was foreclosed upon in July 2008, and by early November 2008, Defendants were the new owners of that remaining land. Compl. ¶¶ 12-18. The County declared Town & Country in default of its construction contract in October 2008, and the County filed suit against Plaintiff in April 2009 seeking payment for the remaining value on the bonds. *Id.* ¶¶ 19-21.

Plaintiff filed the instant action against Defendants on 28 December 2009 seeking "declaratory judgment that [Defendants], their successors or assigns should contribute, on a pro rata share, to the costs of any improvements, payments, or other actions that will be required by the County or as a result of the ongoing matter between the County and [Plaintiff] as to the lots not sold by [Plaintiff]'s principal Town & Country and subsequently purchased by [Defendants] at foreclosure." *Id.* ¶ 28. Plaintiff bases this request upon allegations that "[Defendants]' ownership in the Subdivision comes with certain responsibilities and duties" and that "[Defendants] were not in contractual privity with [Plaintiff] and have given no consideration for the Bonds, but would unjustly receive a benefit from any improvements made by [Plaintiff]." *Id.* ¶¶ 26-27.

Plaintiff also seeks "recovery in quantum meruit for the value of any improvements, payments, or other actions that will be required by the County or as a result of the ongoing matter between the County and [Plaintiff] . . . ." *Id.* at 6. Plaintiff alleges that Defendants "will be unjustly enriched" if Plaintiff is "required to make improvements to the Subdivision or provide payments or other actions that benefit the Subdivision and, as owners, [Defendants]," and that "[Defendants], as owners, will knowingly and voluntarily accept benefit of these improvements." *Id.* ¶¶ 30-31, 33.

## II. ANALYSIS

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend, among other things, that an "actual controversy" does not exist between the parties. Defendant BMR Funding, LLC advances this argument in terms of Plaintiff's standing, or lack thereof. Defendant Regions Bank, N.A. claims this necessary

2

element of a declaratory action is missing. The difference is immaterial here, because as recognized below, the Declaratory Judgment Act's actual controversy requirement is subsumed by the requirements for constitutional standing, and the court is considering only the complaint and documents of which the court may take judicial notice, *compare White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) ("When a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, . . . the district court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" (citation omitted)), *with Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (stating that on a 12(b)(6) motion "courts must consider the complaint in its entirety, . . . documents incorporated into the complaint by reference, and matters of which the court may take judicial notice").

The jurisdiction of federal courts is constitutionally restricted "to deciding actual cases and controversies," and of the doctrines elaborating this limitation, "standing . . . is perhaps the most important." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 319 (4th Cir. 2002) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)) (internal quotation marks omitted).

> In order to satisfy Article III's standing requirements, the plaintiff must show that (1) he has suffered an injury in fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 320 (citing *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)); *see also White Tail Park, Inc.*, 413 F.3d at 458. If Plaintiff does not have standing, then the court does not have jurisdiction to hear this case, and no further inquiry is necessary. *See Natural Resources Defense Council v. Watkins*, 954 F.2d 974, 984 (4th Cir. 1992).

3

These constitutional requirements are no different for cases seeking relief under the Declaratory Judgment Act. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *see also Natural Resources Defense Council*, 954 F.2d at 984. The case must be sufficiently concrete to warrant "specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc.*, 549 U.S. at 127.[1] Furthermore, in reading the allegations of the complaint in the light most favorable to Plaintiff, the court need not resolve hypothetical future events in Plaintiff's favor nor take conclusory allegations as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009). The complaint must state not merely a *possible* but a *plausible* claim. *Id.* at 1949.

In this case, Plaintiff cannot show it has suffered an injury in fact traceable to Defendants' conduct. Plaintiff has not completed the infrastructure improvements in the subdivision, nor has any other party. Thus, no unjust benefit, upon which Plaintiff bases its complaint, has accrued to Defendants, nor is such benefit in any way imminent. Although judgment was entered against Plaintiff in favor of the County on the bonds, Plaintiff has appealed this decision and seeks a stay of the judgment. *County of Brunswick v. Lexon Ins. Co.*, No. 7:09-CV-60-BO (E.D.N.C.). Additionally, by the nature of that judgment, the benefit of those payments would go to the County – not to Defendants. And after receiving payment from

---

[1] The court notes that although neither of the defendants raised the issue in their motions, the deficiencies of Plaintiff's claims could also be framed in terms of ripeness, another doctrine defining the boundaries of Article III jurisdiction, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 n.2 (2010). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations and internal quotation marks omitted). Ripeness protects a court's ability to "see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Public Service Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952). Standing and ripeness often represent essentially the same question. *See, e.g.*, *MedImmune, Inc.*, 549 U.S. at 128 n.8.

Plaintiff, it would be the County's prerogative whether to complete the infrastructure improvements at issue.

Even if the court considers Plaintiff's "injury in fact" to be its obligation to pay the County under that judgment, such injury is in no way traceable to Defendants in the instant action. As Plaintiff admits in its complaint, Defendants were not in privity on the bonds. Compl. ¶ 27. Plaintiff's liability under the bonds arose from its agreement with Town & Country and the County in combination with Town & Country's default and abandonment of the property. Although Plaintiff argues that it is equitably subrogated to the rights of the County and, therefore, may pursue the County's legal rights against Defendants, Pl.'s Resp. BMR Mot. Dismiss at 4-5, Pl.'s Resp. Regions' Mot. Dismiss at 4-5, that argument does not remedy the standing issue in this case. The County has no more legitimate claim against Defendants at this point than Plaintiff has, because Defendants were not in privity on the bonds and have yet to receive any enrichment, let alone an unjust one.

In light of the foregoing, the court finds that Plaintiff does not have Article III standing. Accordingly, Defendants' Motions to Dismiss are GRANTED and this case is DISMISSED.

This 14 July 2010.

                                              W. Earl Britt
                                              Senior U.S. District Judge